IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ESTATE OF AUBREY PARHAM, DECEASED,
AND COLEMAN & COLEMAN ENTERPRISES, INC.,
D/B/A COLEMAN FUNERAL HOME                                             PLAINTIFFS

V.                                                          CIVIL ACTION NO. 3:05CV097-B-A

WALLER FUNERAL HOME, INC.                        DEFENDANT/COUNTER-CLAIMANT

V.

COLEMAN & COLEMAN ENTERPRISES, INC.,
D/B/A COLEMAN FUNERAL HOME, KENNY G.
COLEMAN, AND KENNY G. COLEMAN, JR.                    COUNTER-DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the court upon the plaintiffs' motion to remand. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

Aubrey Parham, the original plaintiff, used the services of defendant Waller Funeral Home, Inc., for the burial of his wife. Parham thereafter encountered difficulties with the settling of the dirt around his wife's grave. Waller did not resolve this matter to Parham's satisfaction, and Parham had his wife's body disinterred and re-buried by co-plaintiff and counter-defendant Coleman Funeral Home.

Parham had previously entered into a "Pre-Need Funeral Service Contract" with Waller. The plaintiffs allege that Waller's agent made no mention of the transferability or "portability" of the contract, and portability is not addressed in the contract itself. After the incident with his wife's grave, Parham decided to transfer his own funeral arrangements to Coleman. Waller's

agent allegedly contacted Parham and informed him that the pre-need contract was not transferable.

On October 7, 2004, Parham brought the present action seeking a declaratory judgment and other relief against Waller in the Circuit Court of Lafayette County, Mississippi. Parham died on May 18, 2005, and his estate was substituted as a plaintiff by filing of the First Amended Complaint on August 12, 2005. The defendant removed the case to this court shortly thereafter on August 15, 2005. The plaintiffs subsequently moved to remand.

Analysis

The plaintiffs' primary argument is that the defendant's removal of the case from the Circuit Court of Lafayette County was untimely. The defendant asserts that it was confused by the ambiguous language of the plaintiffs' complaint and diligently sought clarification as to whether the plaintiffs had asserted a federal constitutional claim. The defendant contends that its confusion arose for three reasons. First, the original complaint cites a statute, Miss. Code Ann. §§ 75-63-1 *et seq.*, which was repealed in 2001 and replaced with Miss. Code Ann. §§ 75-63-51 *et seq.* Second, the plaintiffs refer to "pre-need contract" when it appears they should be referring to "pre-need law" – a reference to the Mississippi statute at issue. Third, the plaintiffs failed to notify the Mississippi Attorney General that they were contesting the constitutionality of a Mississippi statute. *See* Miss. R. Civ. P. 24(d).

The complaint was ultimately amended to clarify the ambiguity. The following language was added when the plaintiffs filed their First Amended Complaint:

> Since the form contracts used by Waller are prepared by a state agency, and since the legal and constitutional validity of the content of those forms is questioned, implicating (arguendo) the constitutionality of the statute(s) in question,

>Mississippi's Attorney General is being served with process – (or waiver of process) – and a copy of this First Amended Complaint.

Shortly after the plaintiffs filed the First Amended Complaint, the defendant filed its Notice of Removal. The defendant asserts that its notice is timely because it was made within thirty days of receipt of the First Amended Complaint, which the defendant alleges placed it on notice of a federal claim. *See* 28 U.S.C. § 1446(b). According to the defendant, the original complaint did not put them on such notice, as the "[p]laintiffs attempted to conceal their federal constitutional claim for several months . . . ."

The defendant's arguments disregard what the court finds to be rather plain language stating a federal claim in the original complaint. The original complaint and the amended version both state, in pertinent part, that "[t]he Pre-Need contract forms attached, as they apply to the issue of transferability of a Pre-Need contract, are arbitrary and capricious under the Fourteenth Amendment's Due Process Clause, in that there is no 'rational relationship' between transferability and revocability." While the court notes that grounds for confusion certainly existed in regard to the original complaint, this simple language cited above should have been sufficient to place the defendant on notice of a federal claim. The defendant's notice of removal should have been filed within thirty days of the original complaint and is, therefore, untimely. 28 U.S.C. § 1446; *see also Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 283 (5th Cir. 2004) (holding that an untimely removal is an allowable ground for remand under 28 U.S.C. § 1447).

Conclusion

For the foregoing reasons, the court finds that the plaintiffs' motion to remand is well-taken and shall be granted.  A separate order in accord with this opinion shall issue this day.

This, the 28th day of September, 2006.


/s/ Neal Biggers

**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**